UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                CRIMINAL ACTION NO. 2:04-00171

WILLIAM E. RICHMOND

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On August 15, 2011, the United States of America appeared by William B. King, II, Assistant United States Attorney, and the defendant, William E. Richmond, appeared in person and by his counsel, Christian M. Capece, Assistant Federal Public Defender, for a hearing on the petition on supervised release and the amendment thereto submitted by United States Probation Officer Winifred R. Staats, the defendant having commenced a five-year term of supervised release in this action on October 20, 2009, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on March 2, 2005.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) that the defendant committed the state and local offense of driving under the influence for which he was arrested on July 12, 2010, as evidenced by his guilty plea entered on July 22, 2010, in Kanawha County Magistrate Court; (2) that the defendant failed to submit written monthly supervision reports for the months of January, April, May, July, August, November and December 2010, and January, February and March 2011; (3) that the defendant failed to notify the probation officer of his change in residence inasmuch as the probation officer attempted to conduct a home visit to the defendant's reported residence on June 22, 2010, at which time the tenant advised that the defendant did not reside there, the defendant having admitted after being confronted by the probation officer that he was residing elsewhere, and on April 6, 2011, the probation officer attempted to locate the defendant and was unable to do so, inasmuch as he was reportedly staying at his girlfriend's residence, but unable to provide an address, and could not be reached by telephone; (4) that the defendant failed to appear for drug testing on April 20 and May

20, 2010, the defendant having advised the probation officer he thought he had been taken off drug testing; and (5) that the defendant failed to abide by the special condition that he spend a period of six months in a community confinement center inasmuch as he reported to the center on September 24, 2010, was released to have hip replacement surgery on November 15, 2011, and was directed to return by March 1, 2011, the defendant having failed to return on that date or any other time; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering the

factors set forth in 18 U.S.C. § 3553(a), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **EIGHTEEN (18) MONTHS**, to be followed by a term of forty-two (42) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime.

The defendant was remanded to the custody of the United States Marshal.

<u>Recommendation</u>:  The court recommends that the defendant be designated to an institution where vocational/educational opportunities can be made available to him.  The court further recommends that the defendant be given credit for time served for the periods of July 12, 2010, through September 24, 2010, and June 17, 2011, through the present.

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

DATED: August 22, 2011

John T. Copenhaver, Jr.
United States District Judge